# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NENG-GUIN CHEN, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>CITIBANK (West), FSB; and DOES 1-10, inclusive,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 11-CV-01189 H (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

On July 22, 2011, Defendant Citibank (West), FSB ("Citibank") filed a motion dismiss Plaintiff's complaint. On August 12, 2011, Plaintiff Neng-Guin Chen ("Plaintiff") filed a response in opposition to Defendant's motion. (Doc. No. 10.) On August 22, 2011, Defendant filed a reply. (Doc. No. 11.) A hearing on the matter is currently scheduled for August 29, 2011 at 10:30 a.m. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court GRANTS Citibank's motion to dismiss the complaint without prejudice.

## Background

On April 29, 2011, Plaintiff filed a complaint in the San Diego Superior Court against Defendant Citibank alleging causes of action for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) violations of California's Unfair

1  Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq*. (Doc.
2  No. 1-1, Compl.) On May 31, 2011, Defendant Citibank removed the action to this Court on
3  the basis of diversity jurisdiction. (Doc. No. 1, Notice fo Removal.)
4        The Court takes judicial notice under Federal Rule of Evidence 201, of the following
5  public documents: (1) The Home Equity Line of Credit Agreement between Plaintiff Neng-
6  Guin Chen and Citibank executed on July 21, 2005; and (2) the letter regarding a reduction in
7  Plaintiff Neng-Guin Chen's line of credit sent to Plaintiff from Citibank on March 7, 2008.
8  (Doc. No. 8-1, Request for Judicial Notice ("RJN") Exs. A-B.)
9        On or about July 21, 2005, Plaintiff entered into a home equity line of credit
10 ("HELOC") agreement with Citibank. (Id. Ex. A.) The agreement was secured by a mortgage
11 on Plaintiff's house and had an initial credit limit of $150,000. (Id.) On March 7, 2008,
12 Defendant Citibank sent Plaintiff a letter stating:

> We have determined that home values in your area, including your home value, have significantly declined. As a result of this decline, your home's value no longer supports the current credit limit for your home equity line of credit. Therefore, we are reducing the credit limit for your home equity line of credit, effective March 5, 2008, to 10,000.

16 (Id. Ex. B.)

## Discussion

**I. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

19       A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests
20 the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729,
21 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a
22 short and plain statement of the claim showing that the pleader is entitled to relief." The
23 function of this pleading requirement is to "give the defendant fair notice of what the . . . claim
24 is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
25 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
26 detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement
27 to relief' requires more than labels and conclusions, and a formulaic recitation of the elements
28 of a cause of action will not do." Id. A complaint does not "suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

## II. Plaintiff's Complaint

### A. Breach of Contract

Plaintiff alleges that Citibank breached a material term of the HELOC agreement when it reduced her credit limit because her home value did not decline significantly. (Compl. ¶ 17.) Plaintiff further alleges that Citibank breached the terms of the HELOC agreement by failing to reinstate Plaintiff's credit limits after the value of her home was no longer in significant decline. (Id. ¶ 18.) Citibank argues that these claims should be dismissed because its actions were permitted under the terms of the contract. (Doc. No. 8-2, at 4-7.) In response, Plaintiff argues that she has sufficiently plead that the value of her home did not significantly decline, and Citibank was in breach of the contract. (Doc. No. 10, at 3-4.)

To state a breach of contract claim under California law, a plaintiff must plead: (1) the existence of a contract between the parties; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's failure to perform; and (4) resulting damages. Harris v. Rudin, Richman & Appel, 74 Cal. App. 4th 299, 307 (Ct. App. 1999).

The HELOC agreement states:

Citibank may . . . reduce your Credit Limit during any period in which, . . .

(c) The value of the Property declines significantly below the Property's appraised value for purposes of the Account. As an example, if the value of the Property declines such that the initial difference between the Credit Limit and the available equity (based on the Property's appraised value) is reduced by fifty percent, such an event would constitute a significant decline in the value of the Property. . . .

(Doc. No. 8-1, RJN Ex. A § 10.)

Under the terms of the contract, Citibank could reduce Plaintiff's credit limit if there was a significant decline in her property. (See id.) Plaintiff alleges that there was not a significant decline the value of her property. (Compl. ¶ 17.) However, Plaintiff provides no factual support for this conclusion. Plaintiff does not provide the current or previous value of her home, or provide calculations showing the difference between her credit limit and the available equity in her house. Similarly, Plaintiff provides no valuations showing that the value of her home was no longer in significant decline to support her claim that Citibank breached the contract by failing to restore her credit limit. Plaintiff does not even allege that she ever obtained an appraisal of her house after Citibank reduced her credit limit. Plaintiff's unsupported conclusions are insufficient to support a claim for breach of contract. Compare Brigliadora v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 60620, at *12-13 (M.D. Fla. 2011) (dismissing breach of contract claim where plaintiff did not allege what the proper valuation of his property should have been) with Malcolm v. JPMorgan Chase Bank, N.A., 2010 U.S. Dist. LEXIS 23770, at *3, 15 (N.D. Cal. 2010) (declining to dismiss breach of contract claim where plaintiff plead that he obtained an appraisal of his house within a month of suspension of his HELOC and provided the value of his house). Accordingly, the Court GRANTS Citibank's motion to dismiss Plaintiff's breach of contract claim.

**B. Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiff alleges that Citibank breached the implied covenant of good faith and fair dealing. (Compl. ¶¶ 22-28.) Plaintiff alleges that Citibank would allow Plaintiff to reinstate her credit limit if she obtained an appraisal from a specific appraisal company, Lender Service, Inc. ("LSI"), that cost additional money. (Id. ¶¶ 11, 25.) Citibank argues that it did not breach the implied covenant because its actions are authorized by the express terms of the contract. (Doc. No. 8-2, at 8.) The Court agrees.

"There is implied in every contract a covenant by each party not to do anything which will deprive the other parties thereto of the benefits of the contract." Harm v. Frasher, 181 Cal. App. 2d 405, 417 (1960). A "breach of a specific provision of the contract is not a necessary

prerequisite" to establishing a breach of the implied covenant of good faith and fair dealing. Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal.4th 342, 373 (1992). However, "[t]he implied covenant will not apply where no express term exists on which to hinge an implied duty, and where there has been compliance with the contract's express terms." Berger v. Home Depot U.S.A., Inc., 476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007).

Defendants note that their actions were authorized under the terms of the contract:

> If any of the above circumstances change during the Draw Period and you want to . . . increase your Credit Limit to the original Credit Limit, you must make such a request to Citibank in writing and pay any bona fide and reasonable appraisal and credit report fees actually incurred by Citibank to investigate whether the above circumstances continue to exist.

(Doc. No. 8-1, RJN Ex. A § 10; Doc. No. 8-2, at 8.) Citibank is not required to hire an appraiser of Plaintiff's choice, or the least expensive appraiser. The covenant of good faith and fair dealing does not impose on Citibank duties beyond its contractual obligations. Raeth v. Nat'l City Bank, 755 F. Supp. 2d 899, 906 (W.D. Tenn. 2010). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's breach of the implied covenant of good faith and fair dealing claim.

**C. UCL**

Plaintiff alleges that Citibank's failure to reinstate her original credit limit violated TILA and Regulation Z and was, therefore, unlawful and unfair under the UCL. (Compl. ¶¶ 30, 32.) Plaintiff further alleges that Citibank's letter was fraudulent and untrue because it based its decision to reduce Plaintiff's HELOC line of credit on an automated valuation model ("AVM") that did not properly value Plaintiff's home. (Id. ¶ 31.) Citibank argues that it did not violate the UCL because its decision to reduce Plaintiff's credit limit was permitted under TILA, and the use of an AVM does not violate TILA. (Doc. No. 8-2, at 10-12.)

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code §17200. "By proscribing 'any unlawful' business practice, [the UCL] 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th

1  163, 180 (1999).  California courts define an unfair business practice as either a practice that
2  undermines a legislatively declared policy or threatens competition, or a practice that has an
3  impact on its alleged victim that outweighs the reasons, justifications, and motives of the
4  alleged wrongdoer.  <u>Lozano v. AT&T Wireless Servs., Inc.</u>, 504 F.3d 718, 736 (9th Cir. 2007);
5  see <u>Cel-Tech</u>, 20 Cal. 4th at 186-87; <u>South Bay Chevrolet v. General Motors Acceptance</u>
6  <u>Corp.</u>, 72 Cal. App. 4th 861, 886 (1999).  Conduct is not unfair if it has been specifically
7  permitted by legislature.  <u>See</u> <u>Cel-Tech</u>, 20 Cal. 4th at 182-83.

8  Under TILA and Regulation Z, a creditor can stop extending credit on a HELOC
9  "during any period in which the value of the consumer's principal dwelling which secures any
10  outstanding balance is significantly less than the original appraisal value of the dwelling."  <u>See</u>
11  15 U.S.C. § 1647(c)(2)(B); 12 C.F.R. § 226.5b(f)(3)(vi)(A).  In the Federal Reserve Board's
12  Official Staff Interpretations of Regulation Z, the staff explains: "What constitutes a significant
13  decline for purposes of § 226.5b(f)(3)(vi)(A) will vary according to individual circumstances.
14  In any event, if the value of the dwelling declines such that the initial difference between the
15  credit limit and the available equity (based on the property's appraised value for purposes of
16  the plan) is reduced by fifty percent, this constitutes a significant decline in the value of the
17  dwelling for purposes of § 226.5b(f)(3)(vi)(A)."  <u>See</u> 12 C.F.R. Part 226, Supp. I, § 5b(f)(3)(vi)
18  at P 6.

19  Under TILA and Regulation Z, Citibank was expressly permitted to reduce Plaintiff's
20  credit limit if there was a significant decline in the value of her property.  <u>See</u> 15 U.S.C. §
21  1647(c)(2)(B); 12 C.F.R. § 226.5b(f)(3)(vi)(A).  Plaintiff does not provide factual allegations
22  showing that there was not a significant decline in the value of her property, or that her
23  property value has returned.  Accordingly, based on Plaintiff's allegations, Citibank's actions
24  were permitted by TILA and Regulation Z and were not "unlawful" or "unfair."  <u>See</u> <u>Cel-Tech</u>,
25  20 Cal. 4th at 180, 182-83.

26  Under the UCL, conduct is deceptive or misleading if it is likely to deceive an ordinary
27  consumer.  <u>Williams v. Gerber Products Co.</u>, 552 F.3d 934, 938 (9th Cir. 2008).  Federal Rule
28  of Civil Procedure 9(b)'s heightened pleading standards apply to claims for violation of the

UCL that are grounded in fraud. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). Under Federal Rule of Civil Procedure 9, a plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)).

Plaintiff alleges that Citibank's letter was fraudulent and untrue because the letter states that Citibank based its decision to reduce Plaintiff's HELOC line of credit on an AVM. (Compl. ¶ 31.) The Court concludes that these allegations fails to meet Rule 9's heightened pleading standards. Importantly, Plaintiff has failed provide the "how" of the alleged fraudulent statement. Plaintiff does not provide factual support to explain how Citibank's use of an AVM was fraudulent. In addition, the Court notes that other district courts have found that the use of an AVM is permissible and does not violate TILA or Regulation Z. See Brigliadora, 2011 U.S. Dist. LEXIS 60620, at *8-10; Raeth v. National City Bank, 755 F. Supp. 2d 899, 907 (W.D. Tenn. 2010). Accordingly, the Court GRANTS Citibank's motion to dismiss Plaintiff's UCL claim.

### Conclusion

For the reasons above, the Court GRANTS Defendant Citibank's motion to dismiss the complaint. The Court grants Plaintiff 30 days from the date of this order to amend or cure any deficiencies–if she can–in an amended complaint.

**IT IS SO ORDERED.**

DATED: August 24, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT